UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

———

No. 6:25-cv-00468

———

**Courtney Yackel et al.,**
*Plaintiffs,*
v.
**Rocket Mortgage, LLC,**
*Defendant.*

———

**O R D E R**

Plaintiffs brought this action for alleged violations of the Fair Credit Reporting Act (FCRA) and the Texas Deceptive Trade Practices Act (DTPA) as well as for alleged negligent misrepresentations. Doc. 1 at 6–8. The case was referred to a magistrate judge. Defendant moved to dismiss all claims in this action, some for lack of standing and the others for failure to state a claim. Doc. 13. The magistrate judge issued a report recommending that defendant's motion be granted. Doc. 17 at 16. Specifically, the magistrate judge recommended that plaintiff Courtney Yackel's claims be dismissed without prejudice for lack of standing and that plaintiff Joel Yackel's federal and state-law claims be dismissed with prejudice for failure to state a claim. *Id.* Plaintiff filed written objections to the report. Doc. 18.

The court reviews the objected-to portions of a magistrate judge's report and recommendation de novo. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, the "objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. Unit B 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Furthermore, a party's entitlement to de novo review does not entitle it to raise arguments that were not presented to the magistrate judge without a compelling reason. *See Cupit v. Whitley*, 28

F.3d 532, 535 & n.5 (5th Cir. 1994). When there have been no timely objections to a report, or the objections are improper, "the court need only satisfy itself that there is no clear error on the face of the record." Fed. R. Civ. P. 72(b), advisory committee's notes to 1983 amendment.

## I. First objection

Plaintiffs object that the magistrate judge resolved a factual dispute in defendant's favor, which is improper at the motion-to-dismiss stage. Doc. 18 at 2–3.

The complaint alleged that defendant violated 15 U.S.C. § 1681b by obtaining Joel Yackel's credit report without a permissible purpose. Doc. 1 at 6. After considering the complaint and the various documents attached to it, the magistrate judge concluded that plaintiff authorized defendant to obtain the credit report and that defendant's conduct was within the scope of that authorization. Doc. 17 at 9–10; *see also* Docs. 1-7 at 2, 2-13 at 2.

Plaintiffs argue that the magistrate judge improperly resolved disputed facts regarding defendant's intent in contravention of the governing standard created by Federal Rule of Civil Procedure 12. Doc. 18 at 2–3. However, when "[d]etermining whether a complaint states a plausible claim," the court "draw[s] on its judicial experience and commons sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Moreover, the court may review and consider documents attached to the complaint that are central to the claim and referenced by the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010); *Colins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000). If "the allegations in the complaint are contradicted by facts established by" such documents, "the court may properly disregard the allegations." *Martinez v. Reno*, No. 3:97-cv-00813, 1997 WL 786250, at *2 (N.D. Tex. Dec. 15, 1997) (*citing Nishimatsu Const. Co. v. Hou. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).

Here, the magistrate judge correctly concluded that plaintiffs' first FCRA claim was implausible based on the documents

attached to the complaint. Contrary to the facts alleged in the complaint, the attached documents show that Joel Yackel authorized defendant to obtain his credit report in connection with his loan application and that defendant was still considering the application when it obtained the report. Docs. 1-7 at 2, 2-13 at 2. Thus, because the attachments contradicted plaintiffs' factual allegations, the magistrate judge properly disregarded those allegations.

Accordingly, plaintiffs' first objection is overruled.

## II.  Second objection

In their second objection, plaintiffs argue that consent to obtain a credit report does not automatically establish that the report was obtained in compliance with the FCRA. Doc. 18 at 3, 6 (citing *Nayab v. Capital One Bank*, 942 F.3d 480 (9th Cir. 2019) and *Rodriguez v. Your First Choice, LLC*, No. 2:16-cv-02447, 2017 WL 4855406, at *4 (D. Nev. Oct. 25, 2017)). They further argue that defendant, despite authorization, did not have a permissible reason to obtain Joel Yackel's credit report because defendant had already decided to deny the credit application. Doc. 18 at 3.

Plaintiffs are correct that a defendant may violate the FCRA even if it has permission to obtain a plaintiff's credit report. However, as explained above, the documents attached to the complaint show that defendant was still considering plaintiffs' loan application when it obtained the credit report. As Joel Yackel authorized defendant to pull his credit report in connection with his loan application, defendant acted with a permissible purpose.

Moreover, the cases cited in the objections involve facts fundamentally different than those of this case. The plaintiffs in both cases alleged that any access to their credit report occurred outside the bounds of an existing relationship or agreement between the parties. *See Nayab*, 942 F.3d at 496–99; *see also Rodriguez*, 2017 WL 4855406, at *4. In contrast, plaintiffs pleaded facts and filed documents demonstrating that Joel Yackel did have an existing relationship with defendant at the time his credit report was pulled. Docs. 1 at 2–6, 1-3 at 1–10, 1-7 at 2, 2-13 at 2. Plaintiffs have not

cited any cases with facts similar to their own in which the defendant was found to have acted unlawfully in obtaining a credit report.

Accordingly, plaintiffs' second objection is overruled.

### III. Third objection

Plaintiffs also object that the magistrate judge relied on arguments made for the first time in defendant's reply, which plaintiffs had no opportunity to respond to. Doc. 18 at 4–5. However, as explained above, the magistrate judge's conclusion that the FCRA claim was implausible was based on the complaint and the various documents attached to it. In other words, the magistrate judge reached that conclusion independently of defendant's reply.

Accordingly, plaintiffs' third objection is overruled.

### IV. Fourth objection

In their final objection, plaintiffs argue that their claims should not be dismissed with prejudice and that they should be given an opportunity to replead. Doc. 18 at 5–8. Plaintiffs do not object to the dismissal of their negligent-misrepresentation claim, their claim under § 1681m, or their DTPA claims. *Id.* at 5. However, plaintiffs contend that, if allowed to replead, they could allege facts sufficient to show that defendant obtained Joel Yackel's credit report without a permissible purpose. *Id.* at 6.

Federal Rule of Civil Procedure 15(a)(2) states that district courts should freely grant leave to amend when "justice so requires." However, the court may deny leave to amend if an amendment would be futile. *Ariyan, Inc. v. Sewerage & Water Bd. of New Orleans*, 29 F.4th 226, 232 (5th Cir. 2022). An amendment is futile when "the complaint as amended would be subject to dismissal." *Varela v. Gonzales*, 773 F.3d 704, 707 (5th Cir. 2014) (per curiam) (citation omitted).

Here, plaintiffs have already submitted documentary evidence that contradicts their allegations and indicates that defendant obtained Joel Yackel's credit report in connection with defendant's consideration of his loan application. *See* Docs. 1-7 at 2, 2-13 at 2; *see also* Docs. 1-3, 2-9, 2-10. Additional facts would not overcome

- 4 -

the exhibits that plaintiffs have already provided, so plaintiffs' amended complaint would still be subject to dismissal. *See Wilson v. Grest*, No. 2:17-cv-02997, 2017 WL 4998651, at *4 (E.D. La. Nov. 2, 2017) (holding that any amendment to plaintiff's complaint would be futile because "plaintiff's allegations [were] contradicted by the documentary evidence"). Because the attached exhibits contradict plaintiffs' allegations, the court finds that granting leave to amend would be futile.

Plaintiffs also appear to suggest that allowing leave to amend would give plaintiffs an opportunity to plead additional facts and demonstrate that both plaintiffs have standing to proceed in this case. Doc. 18 at 6–8. However, plaintiffs only address why Joel Yackel has standing, which was never questioned by defendant or the magistrate judge. Thus, plaintiffs fail to specifically identify the findings or reasoning they object to.

Accordingly, plaintiff's fourth objection is overruled.

### V. Conclusion

Having reviewed the report de novo and being satisfied that there is no error, the court accepts the report's findings and recommendations in part. The court grants defendant's motion to dismiss (Doc. 13) in part. Courtney Yackel's claims under the FCRA are dismissed without prejudice for lack of standing. Joel Yackel's claims under the FCRA are dismissed with prejudice for failure to state a claim. However, contrary to defendant's request and the recommendation of the magistrate judge, the court dismisses all state law claims in this action without prejudice for lack of pendent jurisdiction. *Bass v. Parkwood Hosp.*, 180 F.3d 234, 246 (5th Cir. 1999) ("When a court dismisses all federal claims before trial, the general rule is to dismiss any pendent claims. However, the dismissal . . . should expressly be *without* prejudice . . . ." (citation omitted)).

*So ordered by the court on March 2, 2026.*

J. CAMPBELL BARKER
United States District Judge